# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENTE SOLOMON, | CASE NO. 1:11-cv-01511-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (Doc. 1) |
| M. CARRASCO, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

**First Screening Order**

I. **Screening Requirement and Standard**

Plaintiff Vincente Solomon, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 1, 2011. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II. Discussion

### A. Summary of Allegations

Plaintiff was incarcerated at California Correctional Institution (CCI) in Tehachapi when the events at issue in this action occurred. Plaintiff names Chief Deputy Warden M. Carrasco; Sergeants C. Turner and B. Mello; Correctional Officers J. Heil, Cable, Hollins, Blakemanship, Syner, and Cinch; Correctional Counselors Cassaway and M. Dailo; Lieutenant R. A. Gonzales and D. Crounse; and Inmate Appeals Chief N. Grannis as defendants. Plaintiff seeks damages and injunctive relief, but since Plaintiff is no longer incarcerated at CCI, he is limited to seeking damages.[1]

Plaintiff separates his allegations into four "claims." In claim one, Plaintiff alleges that following his arrival at CCI on March 12, 2008, Defendant Heil told him on March 19, 2008, that he would be getting his medical appliances and legal work within seven days, but he never received them. On April 17, 2008, Plaintiff was told by Defendant Cable and Correctional Officer Wells that a lot of his property was missing and he needed to "get with" Defendant Mello and file an appeal so

---

[1] When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Alvarez v. Hill, 667 F.3d 1061, 1063-64 (9 th Cir. 2012), Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

2

they could investigate and re-inventory his property. (Doc. 1, Comp., p. 3.) Plaintiff alleges that once he exhausted his state remedies, he had fifty-five days to mail his property home. Plaintiff alleges that Defendant Mello told Defendants Cable and Heil to re-inventory Plaintiff's property and inform him what was missing.

On April 25, 2008, Defendant Heil told Plaintiff that all of his property had been destroyed. The previous week, Defendant Heil had been told to mail Plaintiff's thousands of photos, three photo albums, and jewelry home, and Plaintiff had signed three trust withdrawal slips. Defendant Heil lied and first said Plaintiff had not done so, but then said Plaintiff did not have enough funds. Plaintiff alleges that he had fifty-five days to send his property home, but Defendant Heil was angry because Defendant Mello had made him re-inventory the property, so he destroyed it.

In claims 2 and 3, Plaintiff alleges that on May 28, 2008, he was "illegally" retained in the (Security Housing Unit) SHU by Defendant Carrasco for eight months. (Comp., p. 4.) Plaintiff alleges that he was retained in the SHU in retaliation for exercising his First Amendment rights, and he also alleges that he was retained based on some old confidential informant forms from 2005. (Comp., p. 4.) Plaintiff alleges that Defendant Carrasco could have referred him to the Departmental Review Board for three years and did not, but once he started filing grievances against her staff, "all of a sudden" he had enemy concerns after completing his SHU term. (Id., p. 5.) Plaintiff alleges that Defendant Carrasco allowed her staff to destroy his property every time he exercised his First Amendment rights by filing an inmate appeal; and she refused to acknowledge and report her officers, Defendants Hollins, Blakemanship, Citch, and Syner, who told the blacks, Mexicans, and Hispanics that Plaintiff was a snitch working for CDCR.

Plaintiff alleges that he was told per article 43 of the Departmental Operations Manual, he could not have his ASU/SHU allowable property. Plaintiff filed an appeal and requested a copy of article 43, which clearly stated he was allowed to have his television, canteen items, and legal work. Plaintiff caught Defendants Carrasco, Zanchi, and Cassaway in a lie, but they still denied him his food, television, and property. Plaintiff alleges that all the other inmates in the building pending DRB referral were given their televisions, food, and property except for him. Plaintiff asked for his money back since his food items were going to spoil.

3

Plaintiff alleges that Defendant Turner lied to him on November 24, 2008, and said he was going to get his property but they were short of staff. Defendant Crounse lied to him on December 24, 2008, and said that Plaintiff did not say which items were missing. On March 5, 2009, Defendant Gonzales lied when he told Plaintiff they lost and destroyed his property because Plaintiff did not give them the amount.[2]

Plaintiff was denied compensation for his lost or destroyed property. Plaintiff alleges that there existed a clear pattern of repeated abuse of power and a total disregard for his constitutional rights. Plaintiff alleges that every time he filed an inmate appeal on any of Defendant Carrasco's officers, they retaliated against him, tried to intimidate him, and destroyed his property.

Finally, in claim 4, Plaintiff alleges that he was denied outdoor exercise from May 28, 2008, through December 2008; he has a dry skin disease and was denied his "cosmetics," including lotion and deodorant; he is allergic to wool blankets and he was denied cotton blankets; he was not allowed to watch television; and he was denied participation in weekly movie night, and educational and religious programs. (Comp., p. 7.) Plaintiff also alleges that he was diagnosed with plantar fasciitis on April 16, 2008, and he has medical chronos for soft shoes and arch supports, as well as cotton blankets. Plaintiff alleges that he was in a lot of pain, was tortured psychologically and physically, and denied his constitutional rights.

**B.    Plaintiff's Claims**

   **1.    Joinder Requirements**

As a threshold matter, Plaintiff may not pursue unrelated claims against unrelated defendants in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are

---

[2] Plaintiff's sentence does not make sense and the Court cannot discern what Plaintiff intended to say.

4

properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

At this juncture, the Court will defer a determination on which claims are improperly joined and subject to dismissal. Plaintiff is warned that he cannot join unrelated claims simply because the events occurred at one prison. Further, Plaintiff may not attempt to link the claims based on the conclusory assertion that one supervising defendant oversaw all of the officers and was therefore responsible for all of the violations at issue. In amending his complaint, Plaintiff shall be mindful not to include unrelated claims and to the extent he determines that some claims are unrelated, he shall choose which claim(s) to pursue in this action. If Plaintiff's amended complaint sets forth unrelated claims, the Court will determine which claims will be dismissed based on improper joinder.

## 2. Due Process Claims

### a. Loss and Destruction of Personal Property

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

Plaintiff's allegations make clear that the destruction of his property was wrongful and unauthorized, and the loss or theft of Plaintiff's property is also considered unauthorized. In as much California law provides redress for property issues, Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994), Plaintiff's due process claims arising out of the loss and destruction of his personal property fail as a matter of law. Therefore, the claims shall be dismissed, with prejudice.

### b. SHU Retention

To the extent that Plaintiff is attempting to state a claim for denial of due process as it related to his retention in the SHU, Plaintiff has not alleged facts demonstrating the existence of a liberty interest in remaining free from the SHU or demonstrating that he was housed in the SHU with the limited procedural protections he is due under federal law. Wilkinson v. Austin, 545 U.S. 209, 221-22, 125 S.Ct. 2384 (2005).

### 3. Retaliation Claim

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Filing prison grievances is unquestionably protected conduct and Plaintiff's complaint is rife with various adverse actions taken against him, allegedly because he filed inmate appeals. However, for some of the events, Plaintiff has not demonstrated the absence of a legitimate penological purpose and for all of the events, Plaintiff concludes that they were motivated out of retaliation but fails to set forth any facts supporting this conclusion. While prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), they may not rely on conclusory allegations to support their claims, Iqbal, 556 U.S. at 678.

///
///
///

6

### 4. Conditions-of-Confinement Claims

#### a. Legal Standard

The Eighth Amendment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994); Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992). In order to state a claim, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010).

#### b. Television, Movie Night, and Educational and Religious Programs

That Plaintiff was not allowed to watch television, participate in weekly movie night, or participate in educational and religious programs does not violate the Constitution. Plaintiff does not have a right to any of these privileges and his allegation that their denial violates his right to be free from cruel and unusual punishments is frivolous. Plaintiff's Eighth Amendment claims arising from the denial of those privileges shall be dismissed, with prejudice.

#### c. Outdoor Exercise

Plaintiff does have a constitutionally protected right to outdoor exercise, however. Short-term, temporary deprivations of exercise without medical effects are not sufficiently serious to support an Eighth Amendment claim, Thomas, 611 F.3d at 1155; Norwood v. Vance, 591 F.3d 1062, 1070 (9th Cir. 2010); May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997); Allen v. Sakai, 48 F.3d 1082, 1088 (9th Cir. 1994), but the denial of outdoor exercise for an extended period of time is sufficiently serious to support a claim under the Eighth Amendment, Thomas, 611 F.3d at 1151-52.

///

Seven months without outdoor exercise is unquestionably sufficient to support an Eighth Amendment claim as to the objective element. However, Plaintiff must also satisfy the subjective element, which requires him to show that one or more named defendants were deliberately indifferent in that they knowingly disregarded a substantial risk of harm to his health through the denial of exercise. Plaintiff's complaint fails to link any named defendants to responsibility for denying him access to outdoor exercise for seven months and therefore, his claim fails.

### d.  Medical Conditions

Finally, Plaintiff alleges that he has medical chronos for wool blankets, soft shoes, and arch supports, as a result of his wool allergy and plantar fasciitis, and that he has a dry skin disease, necessitating his "cosmetics." Plaintiff fails to state a claim arising out of the denial of wool blankets, soft shoes, arch supports, and cosmetics because he has not alleged sufficient facts to show that he had a serious medical need and that the denial of these items constituted a substantial risk of harm to his health. Farmer, 511 U.S. at 837.

### 5.  Supervisory Liability and Involvement in Inmate Appeals Process

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235, and administrators or supervisor may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). In short, some culpable action or inaction must be attributable to the supervising defendants. Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). Further, denying a prisoner's administrative appeal generally does not cause or contribute

to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted).

Here, based on Plaintiff's exhibits, a number of named defendants held supervisory positions and were involved in responding to Plaintiff's inmate appeals. However, more is needed to state a claim against supervisory personnel. Plaintiff must allege supporting facts which show that they were involved in the underlying violation of his constitutional rights. Conclusory assertions that a defendant knew but failed to take action will not suffice.

### 6.     **ADA Claim**

Finally, Plaintiff mentions the American with Disabilities Act, which "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

The treatment, or lack of treatment, concerning a medical condition does not provide a basis upon which to impose liability under the ADA. Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."). Further, Plaintiff may name the appropriate entity or state officials in their official capacities, but he may not name individual prison employees in their personal capacities; individual liability is precluded under the ADA. Shaughnessy v. Hawaii, No. 09-00569 JMS/BMK, 2010 WL 2573355, at *8 (D.Hawai'i Jun. 24, 2010); Anaya v. Campbell, No. CIV S-07-0029 GEB GGH P, 2009 WL 3763798, at *5-6 (E.D.Cal. Nov. 9, 2009); Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005).

///

Plaintiff has not shown that he was intentionally discriminated against based on any disability, his allegations relate only to medical issues, and he names only individual defendants. For all of these reasons, Plaintiff fails to state a claim for violation of the ADA.

### III. Conclusion and Order

In conclusion, Plaintiff's complaint fails to state any claims. However, some of the deficiencies may be capable of being cured through amendment and the Court will provide Plaintiff with the opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's due process claims arising out of the loss and/or destruction of his personal property are dismissed from this action, with prejudice, for failure to state a claim;
2. Plaintiff's Eighth Amendment claims arising out of the denial of television, the denial of participation in movie night, and the denial of participation in educational and religious programs are dismissed from this action, with prejudice, for failure to state a claim;
3. Plaintiff's remaining claims are dismissed, with leave to amend;

4. The Clerk's Office shall send Plaintiff a civil rights complaint form;

5. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

6. Plaintiff's amended complaint may not exceed **twenty (20) pages**, not including exhibits; and

7. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **August 27, 2012**              /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE