# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENTE SOLOMON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. CARRASCO, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:11-cv-01511-SKO PC<br><br>SECOND SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE ANY CLAIMS UNDER SECTION 1983<br><br>(Doc. 14)<br><br>ORDER THAT DISMISSAL IS SUBJECT TO THREE STRIKES PROVISION UNDER 28 U.S.C. § 1915(G) |

**Second Screening Order Dismissing Action**

**I.      Screening Requirement and Standard**

　　Plaintiff Vincente Solomon, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 1, 2011. On August 28, 2012, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state any claims under section 1983. After obtaining an extension of time, Plaintiff filed an amended complaint on November 1, 2012.

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Discussion**

    **A.     Summary of Allegations**

Plaintiff, who is currently incarcerated at California State Prison-Corcoran, brings this action against Chief Deputy Warden M. Carrasco; Inmate Appeals Branch Chief N. Grannis; Correctional Officers J. Heil, J. Cable, Hollingsworth, Blankenship, Syner, and Citch; Sergeants B. Mello and C. Turner; Lieutenant D. Crounse; and Correctional Counselors T. Gassaway and M. Dailo for violating his constitutional rights between March and December 2008 while he was at California Correctional Institution (CCI) in Tehachapi.

### 1. **Claim One**

As in his original complaint, Plaintiff separates his allegations into four "claims," although there is overlap between the claims. Plaintiff arrived at CCI from High Desert State Prison on March 12, 2008,[1] and in claim one, he alleges that his personal property and medical appliances were given to Defendants Heil and Cable to inventory. On March 19, 2008, Plaintiff was told he would be getting his medical appliances, which consisted of orthopedic shoes, orthopedic arch supports, an egg crate mattress, medical lotions, and cotton blankets. When Plaintiff received his inventory receipt, however, he saw that his jewelry, family photos, CD player, and medical appliances were missing.

Plaintiff informed Defendants Mello and Turner that Defendants Heil and Cable had stolen his property, and he reported the issue to prison officials several more times.

On May 28, 2008, Plaintiff reported the issue to the institutional classification committee (ICC), which included Defendants Carrasco and Dailo, and although he complained that he had been there for a few months and was being denied his medical appliances and exercise yard, none of the committee members intervened and investigated to protect his constitutional rights. Plaintiff alleges that he was illegally retaliated against for exercising his First and Eighth Amendment rights; and he filed inmate appeals against Defendants Heil and Cable, and against Defendants Mello and Turner for not punishing their officers.

### 2. **Claim Two**

In claim two, Plaintiff alleges that he appeared before the ICC on May 28, 2008, and he reported to Defendant Carrasco all of the events described in claim one, including that he had not been allowed to attend the exercise yard and that he had been deprived of his medical appliances by Defendant Heil in retaliation for reporting Heil to Defendant Mello.

On August 24, 2008, Plaintiff filed another inmate appeal complaining that he had not been issued his property or compensated for it, he had been denied exercise yard, and he was in extreme pain in his lower back, legs, thighs, and feet, including "locking up" and being unable to walk on

---

[1] Amend. Comp., Ex. A, court record p. 12.

some days due to lack of exercise yard time. (Amend. Comp., court record p. 5.) Plaintiff also complained that he had been denied his medical appliances, cotton blankets, lotions, and orthopedic shoes, and that the lack of sunshine was causing him severe pain and suffering. These issues were also reported to Defendants Carrasco and Dailo on May 28, 2008.

On June 22, 2008, Plaintiff reported issues to the medical department when he was interviewed by Senior Registered Nurse McBride, and on June 28, 2008, Plaintiff told Dr. Hirsch he was in pain and that Defendants Heil and Cable had intentionally deprived him of his medical appliances. Plaintiff alleges that on April 16, 2008, he had been diagnosed with plantar fasciitis and arch supports were ordered for him, but Defendant Heil disobeyed the doctor's order and deprived Plaintiff of his arch supports. Plaintiff alleges that Defendants Heil, Cable, Turner, Mello, and Carrasco continued to violate his First, Eighth, and Fourteenth Amendment rights.

### 3. **Claim Three**

In claim three, Plaintiff alleges that on August 24, 2008, he filed inmate appeal log number CCI-08-02313 setting forth the aforementioned issues and on August 27, 2008, he combined all of his claims into one appeal. Plaintiff was interviewed by Defendant Gassaway and he informed her that he was not getting exercise yard, he was in a lot of pain from lack of sunshine and the wool blankets, and he had a skin rash. Defendant Gassaway lied to Plaintiff and stated that ASU (administrative segregation unit) inmates cannot have televisions, books, food, cosmetics, and exercise yard. Plaintiff complained that Defendants Heil, Cable, and Mello gave him no exercise yard between March 12, 2008, through July 2008; Defendants Hollingsworth, Blankenship, Cich, and Syner gave him no yard between July 2008 and December 2008; and they also refused to honor his medical chronos and give him cotton blankets. Plaintiff reported these issues to Defendants Gassaway and Carrasco, and to L. L. Schulteis at the second level of appeal review, but they did nothing to protect his rights or honor his medical chronos.

### 4. **Claim Four**

Finally, in claim four, Plaintiff alleges that on January 27, 2009, Defendant Grannis issued the third level appeal decision, after she had been informed by Plaintiff that he was forced by her staff to do an illegal Security Housing Unit (SHU) term in the absence of a write-up or rules

violation. Plaintiff was retained in the SHU for an additional five months, from July 2008 to December 2008, and he was deprived of his property, medical appliances, and exercise yard, in violation of Title 15 regulations, the Departmental Operations Manual, and prison policy.

Plaintiff alleges that Defendant Grannis stated he provided no information regarding the purportedly false information used against him. Plaintiff alleges that the false information is key to his claims because he was referred to the Departmental Review Board (DRB) in July 2008 based on new information regarding safety concerns, but that was a clear lie because the information they had on Plaintiff and used against him was the same information they had on January 10, 2005, and March 5, 2005. Plaintiff alleges that he was in and out of the ASU and the SHU three times between 2005 and 2008, but all of a sudden he filed inmate appeals and exercised his rights, and officers retaliated against him. Plaintiff alleges that the DRB ordered CCI to release Plaintiff and found no merit to the DRB referral.[2] Plaintiff alleges that Defendants Dailo, Gassaway, Carrasco, and Grannis knew they were violating established law and court orders to provide sunshine and exercise yard and to honor medical chronos,

### B. Claims Previously Dismissed

In the first screening order, the Court dismissed Plaintiff's due process claims arising out of the loss and/or destruction of his personal property, with prejudice, for failure to state a claim *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994), and Plaintiff's Eighth Amendment claims arising out of the denial of television, the denial of participation in movie night, and the denial of participation in educational and religious programs, with prejudice, for failure to state a claim, *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994); *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995 (1992); *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Richardson v. Runnels*, 594 F.3d 666, 672 (9th Cir. 2010). Plaintiff's amended complaint sets forth a few of the same facts as to these issues, but there are no

---

[2] The Court takes judicial notice that an institution head shall refer an inmate for DRB review if the "institution head believes a DRB level decision for placement of an inmate is required because of an unusual threat to the safety of persons or public interest in the case; e.g., commuted or modified death sentence or classification of an inactive gang member or associate." Cal. Code Regs., tit. 15, § 3376.1. Despite Plaintiff's suggestion to the contrary, neither a DRB referral nor a DRB referral rejection is suspect on its face. It is simply a classification issue and there is no support for a finding that the DRB referral violated Plaintiff's constitutional rights.

allegations which persuade the Court to reconsider its earlier decision.  To the extent Plaintiff that is alleging his property was stolen, lost, or destroyed and that the denial of television and other privileges violated his Eighth Amendment rights, those claims were dismissed, with prejudice, and they are stricken from the amended complaint.

### C.    Eighth Amendment Claims

#### 1.    Legal Standard

The Eighth Amendment protects prisoners from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation.  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).  Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  *Farmer*, 511 U.S. at 834; *Hudson*, 503 U.S. at 9.  In order to state a claim, Plaintiff must allege facts sufficient to show that prison officials knew of and disregarded a substantial risk of serious harm to his health or safety.  *E.g.*, *Farmer*, 511 U.S. at 847; *Thomas*, 611 F.3d at 1150-51; *Richardson*, 594 F.3d at 672.

#### 2.    Denial of Exercise Yard

Plaintiff alleges that he was denied exercise yard between March 2008 and December 2008. Plaintiff's exhibits lend some clarity to his claims.  During the time period at issue, Plaintiff was in the SHU and then the ASU at CCI.  (Exs. A, B.)  While at High Desert State Prison, Plaintiff had been convicted of battery on a peace officer and he was sentenced to the SHU for a twelve month term.  (*Id.*)  Plaintiff was transferred to CCI from High Desert State Prison to serve the SHU term, and his SHU term was extended from June 7, 2008, to July 22, 2008, due to a subsequent offense. (*Id.*)  Plaintiff was then held in the ASU pending referral to the DRB.  Plaintiff requested group exercise yard, but on May 28, 2008, the ICC elected to retain him on individual exercise module-walk alone status due to safety concerns.  (*Id.*)  Plaintiff's disagreement with the decision to deny him group exercise yard was noted in the report.  Additionally, Plaintiff's exhibits indicate that inmates in ASU were getting ten hours of exercise per week.  (*Id.*)

Inmates have a constitutional right to outdoor exercise under the Eighth Amendment. *Thomas*, 611 F.3d at 1151-52. However, Plaintiff does not have a constitutionally protected right to attend group exercise yard. Plaintiff alleges repeatedly that he was denied exercise yard and his exhibits support that allegation. However, the decision to place Plaintiff on individual exercise module-walk alone status versus the group exercise yard Plaintiff desired does not support a constitutional claim. While Plaintiff sprinkles his amended complaint with bald assertions of lack of sunshine, his exhibits contradict a claim that he was denied the ability to exercise and indicate instead that he was denied the group exercise yard he sought.

Furthermore, notwithstanding that deficiency, the only defendants linked to the claim with any specificity are Defendants Carrasco and Dailo, who were members of the ICC which denied Plaintiff's request for group exercise yard and retained him on individual exercise module-walk alone status. This involvement does not support a claim that they were subjectively deliberately indifferent to a substantial risk of harm to Plaintiff's health. The other defendants are linked only through bare assertions that they denied him exercise yard. Such conclusory allegations do not serve to link these defendants to actions or omissions of deliberate indifference. Accordingly, this claim is dismissed with prejudice.

### 3. Denial of Medical Appliances

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

///

1    Plaintiff's exhibits also contradict his medical care claim. While at High Desert State Prison,
2 Plaintiff was provided with insoles, cotton bedding, and an egg crate mattress. (Ex. C, court record
3 p. 27.) However, during the time period at issue in this action, the medical chronos issued by staff
4 at CCI covered only his feet: Plaintiff was authorized to have special footwear, pads, and arch
5 supports. (*Id.*, court record pp. 28-31.) Plaintiff was not authorized to have an egg crate mattress
6 or cotton bedding. (Ex. B, court record p. 22-25.) Plaintiff skin issues were also addressed and he
7 was prescribed lotion. (*Id.*)

8    For inadequate medical care to rise to the level of constitutional magnitude, Plaintiff's
9 allegations must support a plausible claim that the named defendants acted with deliberate
10 indifference to his serious medical needs. Here, Plaintiff's conclusory allegations do not support
11 such a claim and his exhibits suggest otherwise. "A difference of opinion between a physician and
12 the prisoner - or between medical professionals - concerning what medical care is appropriate does
13 not amount to deliberate indifference," *Snow*, 681 F.3d at 987; *Wilhelm*, 680 F.3d at 1122-23, and
14 the fact that Plaintiff had different medical accommodations at High Desert State Prison than he did
15 at CCI does not support a claim. It is also immaterial that Plaintiff later received some of the desired
16 accommodations at both CCI and a third prison (Salinas Valley State Prison). (Ex. C, court record
17 pp. 32-33.)

18    At most, during Plaintiff's initial property review, Defendants Heil and Cable would not
19 permit Plaintiff to have the medical appliances he arrived with, but the initial confiscation of
20 Plaintiff's property is insufficient to support a claim that Defendants Heil and Cable knowingly
21 disregarded a substantial risk of harm to his health. Plaintiff was subsequently seen by medical staff,
22 his rash was addressed, and medical chronos addressing his need for orthotics were issued.
23 Plaintiff's attached exhibits do not support a claim that he had a serious medical need requiring the
24 issuance of cotton bedding or that the failure to provide the bedding was deliberate indifference
25 attributable to any of the named defendants. *Snow*, 681 F.3d at 987; *Wilhelm*, 680 F.3d at 1122-23.

26    In sum, Plaintiff's exhibits indicate his medical needs were addressed by medical staff and
27 medical chronos deemed necessary were issued. The fact that Plaintiff had different medical chronos
28 at High Desert State Prison does not support a claim, and Plaintiff's allegations fall short of

demonstrating that any of the named defendants knowingly disregarded a substantial risk of harm to his health. *Farmer*, 511 U.S. at 837. Therefore, Plaintiff's Eighth Amendment medical care claim shall be dismissed, with prejudice.

### D.     Due Process Claim - SHU Term

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. *Wilkinson*, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. *Id.* The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, *id.* at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, *id.* at 222-23 (citing *Sandin v. Conner*, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Wilkinson*, 545 U.S. at 221 (citing *Sandin*, 515 U.S. at 484) (quotation marks omitted); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff has not alleged any facts which demonstrate a protected liberty interest in remaining free from the SHU or the ASU, *Wilkinson*, 545 U.S. at 221; *Myron*, 476 F.3d at 718, and notwithstanding that deficiency, he has not alleged any facts which demonstrate that he was denied the minimal procedural protections he was due under federal law,[3] *Superintendent v. Hill*, 472 U.S. 445, 455-56, 105 S.Ct. 2768 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 563-71, 94 S.Ct. 2963 (1974); *Bruce v. Ylst*, 351 F.3d 1283, 1287-88 (9th Cir. 2003); *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). Accordingly, Plaintiff's amended complaint fails to state a claim for relief arising out of his SHU and ASU confinement.

---

[3] Additionally, the Court notes that the assessment of the initial twelve month SHU term occurred at High Desert State Prison and any claim for the assessment of that SHU term without due process would lie against staff at that prison.

9

### E.     Retaliation Claims

Finally, Plaintiff alleges that he was retaliated against for filing inmate appeals.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal," *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009), and prisoners have a protected right to file prison grievances. *Watison*, 668 F.3d at 1114; *Brodheim*, 584 F.3d at 1269. However, Plaintiff's amended complaint is devoid of any specific facts supporting a plausible claim that adverse action was taken against him because of his engagement in conduct protected under the First Amendment. Although Plaintiff has a right to file prison grievances, the bare assertion of retaliatory motive does not suffice to support a claim. *Watison*, 668 F.3d at 1114; *Brodheim*, 584 F.3d at 1269.

### III.    Conclusion and Order

Plaintiff's amended complaint fails to state any claims upon which relief may be granted under section 1983. Plaintiff was previously provided with notice of the deficiencies and an opportunity to amend those claims for which the deficiencies were potentially curable, and based on the deficiencies in his amended complaint, further leave to amend is not warranted. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

///
///
///
///
///
///
///

Accordingly, this action is HEREBY ORDERED DISMISSED, with prejudice, for failure to state any claims under section 1983 and this dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  *Silva v. Di Vittorio*, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

**Dated:**   April 9, 2013                              /s/ Sheila K. Oberto
                                            UNITED STATES MAGISTRATE JUDGE