# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENTE SOLOMON,<br><br>    Plaintiff,<br><br>  v.<br><br>M. CARRASCO, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:11-cv-01511-LJO-SKO (PC)<br><br>ORDER DENYING MOTIONS TO COMPEL AND FOR APPOINTMENT OF COUNSEL<br><br>(Docs. 43, 45, 48, 49) |

Plaintiff Vincente Solomon ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 1, 2011. This action is proceeding on Plaintiff's amended complaint against Defendants Carrasco and Dailo ("Defendants") for depriving Plaintiff of outdoor exercise, in violation of the Eighth Amendment of the United States Constitution.

On August 24, 2015, Plaintiff filed a motion seeking an order compelling Defendants to produce the documents he requested in July 2015, and on September 10, 2015, Plaintiff filed another motion seeking an order compelling Defendants to produce documents. (Docs. 43, 45.) Defendants filed oppositions on September 2, 2015, and September 17, 2015. (Docs. 44, 46.) On October 9, 2015, Plaintiff filed what the Court construes to be replies. (Docs. 48, 49.)

Defendants represent that they have not received any discovery requests from Plaintiff and Plaintiff's replies evidence his attempts to seek documents directly from prison staff rather than from Defendants' counsel. (Doc. 34, Disc. & Sched. Order, ¶¶1, 2.) Individual prison employees

are not required to respond to Plaintiff's discovery requests.  **Rather, as Plaintiff was informed by the Court in its order of July 31, 2015, he is required to mail his discovery requests directly to Defendants' counsel:**

> **Patricia Webber Heim, Deputy Attorney General**
> **Office of the Attorney General**
> **P. O. Box 944255**
> **Sacramento, CA, 94244-2550.**

Because Plaintiff has not served Defendants' counsel with any discovery requests, he is not entitled to an order compelling a response.  Plaintiff must mail his discovery requests to Defendants' counsel at the address provided.  Defendants then have forty-five days, plus three days for mailing, within which to serve their responses.

Plaintiff's motion for the appointment of counsel in the event that his motions to compel are denied, set forth in his reply, is denied.  Plaintiff does not have a constitutional right to the appointment of counsel in this action.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist.  *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331.  Neither consideration is dispositive and they must be viewed together.  *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with similar cases almost daily.  Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  *Palmer*, 560 F.3d at 970.  Moreover, Plaintiff's assertions regarding Defendants' refusal to respond to his

requests for discovery lack merit given that Plaintiff has not properly engaged in discovery with Defendants.

Based on the foregoing, Plaintiff's motions to compel and for the appointment of counsel are HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **October 13, 2015**                              **/s/ Sheila K. Oberto**
                                                                              UNITED STATES MAGISTRATE JUDGE

3