# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENTE SOLOMON,<br><br>        Plaintiff,<br><br>    v.<br><br>CARRASCO, et al,<br><br>        Defendants. | 1:11-cv-01511-LJO-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR ANOTHER EXTENSION OF TIME and DISMISSING THIS ACTION FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO PROSECUTE**<br><br>**(Docs. 36, 42, 51, 55, 56, 57)** |

      Plaintiff, Vincente Solomon, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983 on claims in his amended complaint against Defendants Carrasco and Dailo ("Defendants") for depriving him of outdoor exercise, in violation of the Eighth Amendment of the United States Constitution.

      On July 22, 2015, Defendants filed a motion for summary judgment which included notice to Plaintiff of the requirements to oppose their motion. (Doc. 36.) Despite requesting and receiving two sixty (60) day extensions of time (Docs. 42, 51), Plaintiff did not file an opposition or a statement of non-opposition to the motion despite lapse of the requisite time. Local Rule 230(*l*). On January 12, 2016, two orders issued: (1) a Second Informational Order, which informed Plaintiff of the requirements to oppose a motion for summary judgment under Federal Rule of Civil Procedure 56 (Doc. 54); and (2) an order requiring Plaintiff to file an opposition or statement of non-opposition to Defendants' motion for summary judgment within twenty-one (21) days of the date that order issued (Doc. 55). In the latter order, Plaintiff was admonished that

1

his failure to file an opposition or statement of non-opposition within twenty-one (21) days would result in dismissal because of his failure to prosecute this action. (*Id.*)

Twenty-one days from January 12, 2016 lapsed on February 2, 2016 with Plaintiff filing neither an opposition, nor a statement of non-opposition to Defendants' motion for summary judgment, nor any other response to the January 12, 2016 order. On February 10, 2016, the Magistrate Judge assigned to this case signed a Findings and Recommendations[1] that this action be dismissed with prejudice for Plaintiff's failure to comply with the January 12, 2016 order and for his failure to prosecute this action. Later that same date, Plaintiff filed yet another request for an extension of time to file an opposition to Defendants' motion. (Doc. 56.)

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Plaintiff has already received generous extensions of time to file his opposition to Defendants' motion for summary judgment, with which he failed to comply. All in all, from the date originally due (August 12, 2016 through the 21-day deadline set in the January 12, 2016 order) Plaintiff has had had over five months of extensions to file an opposition or a statement of non-opposition, but has failed to do so. The Court has been more than patient. Extension of time beyond the five months Plaintiff has already been granted is unreasonable.

---

[1] Though signed on February 10, 2016, it was docketed in this case on February 10, 2016.

Accordingly, it is HEREBY ORDERED that:

(1) Plaintiff's latest request for a 45-day extension of time to file an opposition to Defendants' motion for summary judgment, filed on February 10, 2016 (Doc. 56), is DENIED;

(2) the Findings and Recommendations that was docketed on February 11, 2016 (Doc. 57) is stricken from the docket since mooted by this order;

(3) This action is dismissed based on Plaintiff's failure to comply with the January 12, 2016 order which directed him to file an opposition or a statement of non-opposition within 21-days; and

(4) The Clerk's Office is directed to close this action.

IT IS SO ORDERED.

Dated:   **February 12, 2016**          /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE