# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENTE SOLOMON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CARRASCO, et al,<br><br>　　　　　Defendants. | 1:11-cv-01511-LJO-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUESTS FOR RECONSIDERATION**<br><br>**(Docs. 62, 66)** |

**I. Background**

Plaintiff, Vincente Solomon, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983 on claims in his amended complaint against Defendants Carrasco and Dailo ("Defendants") for depriving him of outdoor exercise, in violation of the Eighth Amendment of the United States Constitution.

On July 22, 2015, Defendants filed a motion for summary judgment ("MSJ") which included notice to Plaintiff of the requirements to oppose their motion. (Doc. 36.) Despite requesting and receiving two sixty (60) day extensions of time to do so (Docs. 42, 51), Plaintiff did not file an opposition or a statement of non-opposition to the MSJ. On January 12, 2016, two orders issued: (1) a Second Informational Order, which informed Plaintiff of the requirements to oppose a motion for summary judgment under Federal Rule of Civil Procedure 56 (Doc. 54); and (2) an order requiring Plaintiff to file an opposition or statement of non-opposition to Defendants' motion for summary judgment within twenty-one (21) days of the date that order issued (Doc. 55). In the latter order, Plaintiff was admonished that his failure to file an opposition or statement

1

of non-opposition within twenty-one (21) days would result in dismissal because of his failure to prosecute this action. (*Id.*)

Twenty-one days from January 12, 2016 lapsed on February 2, 2016 with Plaintiff filing neither an opposition, nor a statement of non-opposition to Defendants' motion for summary judgment, nor any other response to the January 12, 2016 order. On February 10, 2016, the Magistrate Judge assigned to this case signed a Findings and Recommendations[1] that this action be dismissed with prejudice for Plaintiff's failure to comply with the January 12, 2016 order and for his failure to prosecute this action. Later that same day, Plaintiff filed yet another request for extension of time to file an opposition to Defendants' motion. (Doc. 56.)

On February 12, 2016, the undersigned issued an order, striking the February 10, 2016 Findings and Recommendation, denying Plaintiff's latest request for extension of time as unreasonable (noting that he had already been granted over five months from 21-days post filing of Defendants' motion for summary judgment), and dismissing the action for Plaintiff's failure to comply with the court's order and failure to prosecute the action. (Doc. 58.) Judgment was entered that same day. (Doc. 59.)

Just over a month later, on March 14, 2016, Plaintiff's opposition to the MSJ was received and filed. (Doc. 60.) That same date, both Plaintiff's objections to the stricken February 10, 2016 Findings and Recommendation and his objections to the order denying his last request for an extension of time which dismissed the action were filed. (*See* Docs. 61, 62[2], 63.) Plaintiff's objection to the order which dismissed the action is construed as a motion for reconsideration which, for the following reasons, is DENIED.

**II. Reconsideration Standards**

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in

---

[1] Though signed on February 10, 2016, it was docketed on February 11, 2016.
[2] This was errantly processed to the Ninth Circuit as an appeal. (*See* Doc. 63.) However, Plaintiff raised this error in objections filed on April 11, 2016 (Doc. 66) and a correction has been entered (Doc. 67).

time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment." Motions under Rule 60(b) "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff fails to show newly discovered evidence, commission of clear error, or an intervening change in the controlling law. Rather, Plaintiff asserts that he requested extensions of time to be able to obtain his "legalwork" from prison staff. (Doc. 62.) Plaintiff asks why his extensions were granted, but no orders ever issued directing prison staff to allow him access to his "6 boxes of legal [property]." (*Id.*) Plaintiff argues that his claims are all true and that if the Court doubts the truthfulness of his exhibits, it should check the prison's records. (*Id.*) While Plaintiff mentioned that he needed extensions of time because he was having difficulty accessing his legal property, he never objected that the orders which granted his extensions did not address

the concerns raised in his motions, nor did he ask for court intervention in that regard.[3]  Plaintiff's opposition, which was filed roughly a month after judgment was entered in this action, was untimely.  Plaintiff was given multiple, generous extensions of time with which he failed to comply.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In light of Plaintiff's failure to timely comply with or otherwise respond to the January 12, 2016, order which required him to file an opposition or statement of non-opposition to Defendants' motion for summary judgment, and given the multiple extensions of time previously granted him in which to do so, dismissal of the action for his failure to respond to or obey a court order and for his failure to prosecute was appropriate.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the order which resulted in dismissal of this action and entry of judgment to be supported by the record and proper analysis.

---

[3] However, even if Plaintiff had filed for such injunctive relief, it could would have been denied for lack of jurisdiction over the prison staff who controlled his access to his legal property. *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." ).

**III. Order**

Accordingly, Plaintiff's motion for reconsideration, filed on March 14, 2016 (Doc. 62), is HEREBY DENIED and any objections asserted therein are OVERRULED.

IT IS SO ORDERED.

   Dated:   **May 4, 2016**                     **/s/ Lawrence J. O'Neill**
                                                 UNITED STATES CHIEF DISTRICT JUDGE